Christine Gillen, et al. }
      vs.     }Eq. No. 10818.
Hilda Swanson, alias }

February 18, 1932.

BLODGETT, P. J. Heard upon bill, answer and proof.

Complainant is the owner of a lot of land on Bassett street, Providence. Respondent owns land adjacent thereto.

The bill alleges that a fence on the dividing line between said premises had fallen and both parties were satisfied to leave same unrepaired; that complainants and respondent agreed to utilize the space between the buildings on each of said tracts as a driveway; that the rotten parts of said fence were removed by complainants with the consent of respondent; that as a result of said agreement complainants erected a two-car garage, the entrance to which lies partly on land of complainants and partly upon land of respondent; that if respondent is permitted to erect and maintain said fence, it will prevent complainants from using their property.

The prayer of the bill is to restrain respondent from erecting and maintaining said fence on her property line.

The agreement was never reduced to writing and executed by either party. The claim of complainants is based upon an oral agreement as to the location of a tree, the sidewalk curb and a pole on said walk, and the action of the city of Providence relative to same, and to a waiver of all damages against said city (Complts' Ex. 1) by reason of a joint driveway to be built in front of the premises of complainants and respondent. This was signed by Hilda E. Swanson and Christine Gillen. Two Brondson curb corners were furnished by the city for a joint driveway at 53-57 Bassett street (Complts' Ex. 3). The record shows that some kind of an oral agreement was made between the parties, but such an agreement would either be a license by parcel, or an easement.

A parol license is always revocable.
*Foster* v. *Browning*, 4 R. I. 47.

Our statute of frauds and statute of "The conveyance of estates" each forbid the establishment of an easement on parol testimony.
*Ham* vs. *Massasoit R. E. Co.*, 42 R. I. 298.

In above case it was further held that the equitable rule that part performance will take a contract out of the statute of frauds did not apply, since this was not a suit to obtain or reform a deed, but one to enforce an oral contract.

Bill is dismissed.

For complainant: Peter W. McKiernan.

For respondent: Charles R. Easton.